[Cite as *PHH Mtge. Corp. v. Easterling*, 2012-Ohio-4916.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PHH MORTGAGE CORPORATION

     Appellee

     v.

NANCY E. EASTERLING, et al.

     Appellants

C.A. No.     26316

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2011 01 0128

DECISION AND JOURNAL ENTRY

Dated: October 24, 2012

---

BELFANCE, Judge.

{¶1} Nancy Easterling appeals the trial court's award of summary judgment to PHH Mortgage Corporation. For reasons set forth below, we reverse and remand for further proceedings.

I.

{¶2} Ms. Easterling signed a variable-rate note and executed a mortgage on her home as collateral in 2002. Given the variable rate of the loan, the note required the note holder to "deliver or mail to [Ms. Easterling] a notice of any changes in [her] interest rate and the amount of [her] monthly payment before the effective date of any change." In November 2009, Ms. Easterling and PHH, which held her note, entered into an agreement that would allow Ms. Easterling, who had recently lost her job, to reduce the monthly payments on a promissory note held by PHH from $445.56 to $372.02. She continued to make this reduced monthly payment and her payments were accepted by the bank. In July 2010, PHH notified Ms. Easterling that her

application for a permanent loan modification had been denied. Ms. Easterling continued paying the reduced monthly payment until PHH sent her a letter in September 2010 in which it claimed that Ms. Easterling was in default on the promissory note as of May 2010 and demanded $2,246.75 to be paid within 30 days or else it would institute foreclosure proceedings against her.

{¶3} When Ms. Easterling contacted PHH, its representative was unable to provide any information concerning the $2,246.75 but told Ms. Easterling that her monthly payment was now $449.35. PHH's representative told Ms. Easterling to pay the new monthly amount. Ms. Easterling tendered two checks for $449.35, but PHH returned them, claiming that they did not satisfy the default amount. It then filed a complaint seeking a judgment for the amount outstanding on the loan as well as to foreclose on Ms. Easterling's home.

{¶4} PHH moved for summary judgment, and Ms. Easterling filed a motion in opposition. The trial court awarded PHH summary judgment, determining that there was no genuine issue of material fact that Ms. Easterling had defaulted on her promissory note. Ms. Easterling has appealed, raising four assignments of error for our review. For ease of discussion, we have combined her first two assignments of error.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHERE THE APPELLEE FAILED TO MEET [ITS] BURDEN TO SPECIFICALLY DEMONSTRATE THE ABSENCE OF A GENUINE ISSUE OF MATERIAL FACT AND APPELLANT PROPERLY DEMONSTRATED THE EXISTENCE OF A GENUINE ISSUE OF MATERIAL FACT CONCERNING APPELLANT'S DEFAULT.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FINDING THAT THERE WAS NO GENUINE ISSUE OF MATERIAL FACT ESTABLISHED THAT APPELLANT WAS IN DEFAULT ON HER MORTGAGE NOTE.

{**¶5**}    Ms. Easterling argues that summary judgment was improper because PHH failed to demonstrate that there was no genuine issue of material fact that she was in default.  We agree.

{**¶6**}    This Court reviews an award of summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party."  *Garner v. Robart*, 9th Dist. No. 25427, 2011–Ohio–1519, ¶ 8.

{**¶7**}    Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).  To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'"  *Id*. at 293, quoting Civ.R. 56(E).

{**¶8**}    "The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." (Internal quotations and citations omitted.) *CitiMortgage, Inc. v. Firestone*, 9th Dist. No. 25959, 2012–Ohio–2044, ¶ 11.

{**¶9**}    In support of its motion for summary judgment, PHH submitted the promissory note, the mortgage on Ms. Easterling's home, and the affidavit of Mychal Farmer.  In his

affidavit, Mr. Farmer averred that "[a]ccording to PHH['s] business records, payments have not been made as required under the terms of the Note and Mortgage; the default on the Loan has not been cured; and Plaintiff or its agent has accelerated the account, pursuant to the terms of the Loan, making the entire balance due."

{¶10} However, Ms. Easterling disputes that she was ever in default on the loan. According to Ms. Easterling's affidavit, she has "never missed a payment." Similarly, she averred that she was current with her mortgage through November 2009, that she was informed that her monthly payments would be reduced to $372.02 through August 2010, and that she did not miss those payments. She also averred that, following her receipt of a letter in July 2010 informing her that she had been denied a permanent loan modification, PHH never informed her what her monthly payment would be and, thus, she continued paying $372.02 a month. When viewed in the light most favorable to Ms. Easterling, her affidavit creates a genuine issue of material fact as to whether she was in default on the loan.

{¶11} PHH argues that Ms. Easterling's tendered payments of $372.02 after receiving the July 2010 letter constituted default. According to PHH, notwithstanding the fact that it never notified Ms. Easterling in writing that her monthly payments had increased to $449.35, she should have paid the increased rate because she "had seemingly never had a problem determining how much she owed per month before * * *." However, PHH's argument ignores the terms of the note that it was required to "deliver or mail to [Ms. Easterling] a notice of any changes in [her] interest rate and the amount of [her] monthly payment before the effective date of any change." PHH has put forth no evidence that it delivered or mailed a notice to Ms. Easterling that informed her that her payment increased from $372.02 a month to $449.35. Viewing the evidence in the light most favorable to Ms. Easterling, absent notification required

by the loan informing her of a different monthly payment amount, her continued payment of $372.02 a month did not constitute a default.

{¶12} PHH also argues that it was entitled to summary judgment because all of Ms. Easterling's reduced payments from December 2009 to August 2010 constituted a default. However, the cases cited by PHH present factual scenarios in which the mortgagor was already in default prior to the loan modification or are otherwise factually and procedurally distinguishable. Unlike those cases, Ms. Easterling did not default on her note prior to the loan modification. Furthermore, PHH does not dispute that the parties had agreed to a temporary modification of Ms. Easterling's loan. Although the terms of the modification are unclear based on the record, PHH does not dispute that pursuant to the temporary modification, Ms. Easterling was to pay $372.02 per month and the bank accepted payment in that amount for many months.

{¶13} Ms. Easterling's first and second assignments of error are sustained.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN FINDING THAT THERE WAS NO GENUINE ISSUE OF MATERIAL FACT ESTABLISHED AND APPELLEE WAS ENTITLED TO ACCELERATE THE MORTGAGE ACCOUNT PURSUANT TO THE TERMS OF THE AGREEMENT AND THE FACTS PRESENTED.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY NOT CONSIDERING EQUITABLE FACTORS RELEVANT TO PRECLUDE THE RELIEF OF FORECLOSURE IN THIS MATTER AND/OR FINDING THEM TO BE IN FAVOR OF THE APPELLEE.

{¶14} Given our resolution of Ms. Easterling's first two assignments of error, her remaining assignments of error are moot, and, therefore, we decline to address them. *See* App.R. 12(A)(1)(c).

III.

**{¶15}** Ms. Easterling's first and second assignments of error are sustained, and her third and fourth assignments of error are moot. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

CARR, P. J.
DICKINSON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

THOMAS F. HASKINS, JR., Attorney at Law, for Appellant.

STACY L. HART, Attorney at Law, for Appellee.